UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALVON CRUSE,** | Civil Action No. 06-5517 (TJB) |
| **Plaintiff** | |
| v. | MEMORANDUM OPINION |
| **MERCER COUNTY CORRECTIONAL CENTER, et al.,** | |
| **Defendants.** | |

**I.    Background**

This matter arises out of Plaintiff's claims for compensatory and punitive damages based on Defendants' alleged unlawful detention of him.  Defendants now argue that summary judgment should be granted in their favor because under the facts of this case, Plaintiff cannot establish §1983 liability for unlawful detention.  The following timeline is relevant to Plaintiff's claims:

**Timeline of Events**

1.  **March 17, 2004**:  Plaintiff is charged with theft and forgery by Ewing Township and warrants are issued for his arrest.

2.  **May 14, 2004**:  Plaintiff is arrested and incarcerated at Mercer County Correctional Center.  At the time of his commitment, 16 detainers and charges were pending against Plaintiff, who in the past had used two aliases:  "Daryl Greene" & "Lester Turner."

3.  **May 14, 2004**:  Given Plaintiff's use of the alias "Daryl Greene," Bucks County Sheriff's Department advises Mercer County Correctional Center to "lodge detainer, will extradite" Plaintiff.

4.  Plaintiff's true identity is revealed and various detainers against Plaintiff are released.

    a.  **November 19, 2004**:  Lambertville detainer is released.

    b.  **January 19, 2005**:  Ewing Township dismisses two charges against Plaintiff and releases the detainers.

5. **January 19, 2005**: Ewing Township disposes of 3 charges and detainers against Plaintiff. The Court is satisfied with "time served."

6. **February 18, 2005**: Ewing Township disposes of the March 17, 2004 theft and forgery charges. Plaintiff is sentenced to 264 days with five years probation. With respect to the jail sentence, the Court is satisfied with "time served."

7. **March 8, 2005**: Hamilton and West Windsor Township release their detainers against Plaintiff.

8. **March 30, 2005**: Ewing Township realizes that Plaintiff is not Daryl Green and orders the remaining charges to be dismissed and Plaintiff to be released. Plaintiff, however, is not released because there still remain outstanding detainers.

9. **April 7, 2005**: Bucks County releases their detainer.

10. **May 4, 2005**: Matthew Grochowiak from the Mercer Probation Division advises the Defendants that the remaining detainers be released. Plaintiff is then released from prison.

Based on the aforementioned timeline and facts learned in discovery, Defendants argue that summary judgment should be granted in their favor. Defendants argue that to prove unlawful detention, Plaintiff must show that (1) a prison official had knowledge of his problem; (2) that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to Plaintiff's plight; and (3) that there is a causal connection between the official's response to the problem and the infliction of the unjustified detention. Defendants argue that Plaintiff cannot meet his burden. In this regard, Defendants contend that they had no control or authority to release Plaintiff without notification from the municipalities that all of the outstanding detainers were released. Indeed, Defendants note that S.O.P. 320 requires that a search for detainers be conducted before an individual is released from prison. Defendants further contend that there was no wrongful detention because as soon as the Mercer Probation Division advised that the remaining detainers were released, Plaintiff was immediately released from prison. Defendants

2

also state that that the attorney who responded to Plaintiff's eighth request for admission did not have sufficient information to make the statement regarding the length of Plaintiff's incarceration.

In addition, Defendants argue that there is no evidence that Plaintiff complained to prison officials regarding his plight or that Defendants intentionally failed to act in response to Plaintiff's complaints. Defendants claim that Plaintiff has produced no written documentation of the alleged court orders that established he should be released from prison. Further, they claim that Plaintiff himself was responsible for the length of his incarceration because it resulted from his deceptive practice of using aliases. Moreover, Defendants contend that to the extent there was any delay in Plaintiff's release from prison, that delay resulted from when Defendants received information from the municipalities and the Mercer Probation Division, which indicated that the outstanding detainers were released and that Plaintiff should be released from prison.

Defendants also argue that the Court should disregard Plaintiff's self-serving certification submitted in opposition to their motion for summary judgment because it is a sham. Defendants note that in his certification, Plaintiff makes allegations regarding identification issues and complaints to various prison officers that he had not previously raised. Specifically, Defendants point out that in his certification, Plaintiff states that he made complaints to Correction Officers Taylor and McFadden. Defendants argue that these allegations should be disregarded because Plaintiff failed to identify these two correction officers during discovery. In fact, Defendants note that at his deposition, Plaintiff stated that he complained to Lieutenant Wilson, but made no mention of any complaints to Taylor and McFadden. Similarly, Defendants argue that Plaintiff's allegations regarding the fact that Defendants should have known that he was not "Daryl Greene" because he does not have a tattoo and the paperwork regarding Daryl Greene indicates that

Greene has a tattoo on his chest should be disregarded because Plaintiff failed to raise this issue at his deposition.

Plaintiff opposes Defendants' motion for summary judgment arguing that there are genuine factual issues that necessitate Defendants' motion being denied.  First and foremost, Plaintiff argues that based on Defendants' response to Plaintiff's eighth request for admissions, the County itself "*admits to at least some period of wrongful detention in this matter.*"  (Def. Opp. Br. at 2) (Emphasis in original).  Plaintiff's eighth request for admissions and Defendants' response follows:

> 8. Admit or deny.  Plaintiff herein Alvon Cruse was detained at the Mercer County Correctional Facility for a period of time on warrants/detainers that were subsequently determined to be against an individual other than the detainee Alvon Cruse.
>
> 8. Admitted for the period beginning March 8, 2005 and ending May 5, 2005.  Denied as to the remainder.

In addition, Plaintiff argues that the County should have been able to identify that Alvon Cruse was not Daryl Greene based on its own records.  In this regard, Plaintiff argues that the initial detainer indicates that Greene has a tattoo on his chest, but that the documents produced by the County indicate that Cruse has no such tattoo, and, in fact, Cruse does not.  Further, Plaintiff argues that he attempted to bring the matter of his mistaken identity to the attention of prison officials to no avail.

**II.  Analysis**

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  In deciding whether there is a disputed issue of

material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson*, 477 U.S. at 247-48. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold), cert. denied, 507 U.S. 912 (1993).

As both parties correctly point out, in order to hold Defendants liable for damages based on a claim for unlawful detention, Plaintiff must meet the following three criteria:

    (1)    the plaintiff must demonstrate that a prison official had knowledge of the prisoner's problem;

    (2)    the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that this or her response to the problem was a product of deliberate indifference to the prisoner's plight; and

>   (3)   the plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989).  While the Court does not now decide whether Plaintiff will prevail on his claim, the Court finds that material questions of facts exist which require the Court to deny Defendants' motion for summary judgment.  Plaintiff alleges that Defendants knew that Plaintiff was not "Daryl Greene" and that prison officials neglected to act on opportunities to speedily clear up any confusion regarding his identity.  With respect to Defendants' knowledge of Plaintiff's problem, there is evidence that Plaintiff made complaints regarding same.  In addition to making complaints to Lieutenant Wilson, Plaintiff also avers that he made complaints to Correction Officers Taylor and McFadden.  While Defendants ask this Court to disregard Plaintiff's allegations that he complained to Taylor and McFadden under the "sham doctrine" (*Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 575 (2nd Cir. 1969) followed by *Shelcusky v. Garjulio*, 172 N.J. 195 (2002)), the Court finds that doing so would be inappropriate under the circumstances of this case.  While it is true that Plaintiff did not mention that he complained to Taylor and McFadden at his deposition, it is unclear from the portions of the transcript provided whether this failure was Plaintiff's fault.  Indeed, from the portions of the transcript provided to the Court, it appears that the attorney taking the deposition failed to determine whether Plaintiff complained to anyone in addition to Lieutenant Wilson.  No follow up questions, such as "did you make complaints to anyone else," were asked by Defendants' counsel.  In fact, it appears that the attorney taking the deposition did nothing to close the door to such a possibility.  It is not the deponent's responsibility to proffer answers to questions that remain unasked.  Rather the deponent is charged with truthfully and non-evasively answering the questions posed to him.  It appears that Plaintiff did just that.  While Defendants may be able to

use the fact that Plaintiff did not mention the complaints he allegedly made to Taylor and McFadden at his deposition to attack Plaintiff's credibility, the Court shall not wholly disregard those allegations in the context of Defendants' motion for summary judgment.

The Court shall similarly not disregard Plaintiff's allegations regarding the fact that the detainers for "Daryl Greene" indicated that Greene had a tattoo and that Defendants' documentation regarding Plaintiff indicated that he did not have a tattoo. While Plaintiff also did not testify about this at his deposition, that fact alone does not mean that Plaintiff's allegations regarding same are a sham. This is especially true where the records regarding Greene's tattoo and Plaintiff's lack of same were in Defendants' possession and were, in fact, produced by Defendants during discovery.

Further, the Court finds that Defendants' admission that for the period beginning March 8, 2005 and ending May 5, 2005 Alvon Cruse was detained at the Mercer County Correctional Facility on warrants/detainers that were subsequently determined to be against an individual other than the detainee Alvon Cruse precludes the granting of summary judgment in their favor. While defense counsel attempts to retract this admission by stating in Defendants' reply brief that "a former attorney within our office did not have the sufficient information to make the statement regarding the length of incarceration (answer to #8, Request for admissions)[,]" the Court finds this attempted retraction to be wholly inappropriate. Pursuant to Fed.R.Civ.P. 36(b), "[a] matter admitted under this rule is conclusively established[.]" Indeed, it is not "unless the court, **on motion**, permits the admission to be withdrawn or amended" that a previously admitted matter can be altered or retracted. *Id*. (Emphasis added). Defendants' assumption that they can casually take back their admission by including a single sentence to that effect in their reply brief is wrong.

7

Moreover, even if Defendants had properly moved to withdraw their admission, the Court at this late date would not permit same.  According to Rule 36(b), a court "may permit withdrawal [of an admission] . . . if it would promote the presentation of the merits of the action **and** if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  (Emphasis added).  Here, Defendants' requested withdrawal of its admission that "for the period beginning March 8, 2005 and ending May 5, 2005" Plaintiff Alvon Cruse was detained at the Mercer County Correctional Center on warrants/detainers that were subsequently determined to be against an individual other than the detainee Alvon Cruse would prejudice Plaintiff.  Defendants made the admission in question on March 18, 2008, approximately eleven months prior to the date on which they filed their reply brief seeking to retract same.  At the time the admission was made fact discovery, which closed on October 31, 2008, was still on-going.  Defendants could have filed a motion seeking the Court's permission to withdraw the aforementioned admission at any time after March 18, 2008.  Instead, despite the fact that the knowledge forming the basis of this admission was solely in their possession, custody and control and only they could have known that it was not accurate, Defendants did nothing.  This case progressed, a settlement conference was held, fact discovery closed and Defendants filed their summary judgment motion with Plaintiff all of the while relying on Defendants' admission in maintaining his action against Defendants.  Under these circumstances, to permit Defendants to withdraw their admission would clearly be prejudicial to Plaintiff.  Consequently, the Court shall not permit same.

 Taken together, the above-referenced facts raise questions sufficient to overcome Defendants' motion for summary judgment.  Defendants' motion is therefore DENIED.

**III.     Conclusion**

For the reasons stated above, Defendants' Motion for Summary Judgment is DENIED.

An appropriate Order follows.

Dated:  May 8, 2009

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**
